Filed 8/11/23  In re S.E. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re S.E., a Person Coming Under the Juvenile Court Law. | B326244 (Los Angeles County Super. Ct. No. 19CCJP01726A) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>A.E.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Nancy Ramirez, Judge.  Conditionally reversed and remanded with instructions.

Lori Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Kimberly Roura, Senior Deputy County Counsel, for Plaintiff and Respondent.

Children's Law Center 1, Ann-Marissa Cook and Janelle Batta for Minor.

———————————————

A.E. (father) appeals from the juvenile court's order terminating his parental rights to S.E. (the child) pursuant to Welfare and Institutions Code section 366.26. According to father, the juvenile court and the Los Angeles County Department of Children and Family Services (the Department) failed to satisfy their respective obligations under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code § 224 et seq.) regarding inquiry into the child's possible Indian ancestry. No interested party filed a respondent's brief; instead, father, the child, and the Department filed a joint application and stipulation for conditional reversal and remand with directions to the Department and the court to conduct a proper initial inquiry and, if necessary, further inquiry and notice pursuant to ICWA and related California statutes. Because, as explained below, the requirements of Code of Civil Procedure section 128, subdivision (a)(8) have been met, we accept the stipulation.

This case involves reversible error as the parties agree, and we concur, there was noncompliance with the requirements of ICWA and related California statutes. (See *In re H.V.* (2022) 75

2

Cal.App.5th 433, 438.) The juvenile court failed to ask the parents, during their first appearance on September 25, 2019, if they knew or had reason to know that the child was an Indian child; and, the record does not include ICWA-020 forms for the parents. Further, the Department did not attempt to contact and interview available extended family members, such as maternal grandmother and maternal cousins, about the child's possible Indian ancestry. Finally, the Department made no effort to obtain contact information for paternal grandparents or to interview them.

The parties also agree, and we concur, that (1) there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the conditional reversal and remand; and (2) the parties' reasons for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement. (Code Civ. Proc., § 128, subd. (a)(8).)

## DISPOSITION

The juvenile court's order terminating parental rights is conditionally reversed and remanded for proceedings required by this opinion.  The court shall order the Department to make reasonable efforts to obtain contact information for paternal grandparents and contact and interview them and maternal grandmother and maternal cousins about the child's possible Indian ancestry and to report on the results of its investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the child, such as additional extended family members known to the Department.  Nor does this disposition preclude the court from inquiring directly of the parents whether they know or have reason to know that the child is an Indian child or from requesting that they complete ICWA-020 forms.  Based on the information reported, if the court determines that no additional inquiry or notice to tribes is warranted, the order terminating parental rights shall be reinstated.  But if the court determines additional inquiry or notice is warranted, it shall make all

necessary orders to ensure compliance with ICWA and related California statutes.

The remittitur shall issue 10 days from the filing of this opinion.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


I concur:


RUBIN, P. J.

In re S.E.
B326244


BAKER, J., Concurring



I agree that a conditional reversal of the parental rights termination order is required because the juvenile court did not comply with federal and state law that, together, require a juvenile court to ask participants in a child custody proceeding, at the commencement of the proceeding and on the record, whether the participant knows or has reason to know the minor in question is an Indian child.  (25 C.F.R. § 23.107(a); Welf. & Inst. Code, § 224.2, subd. (c).)  I do not agree, however, with the majority's broad remand instructions to interview paternal grandparents, the maternal grandmother, and maternal cousins. I would instead remand with directions that *require* the court to make an on the record inquiry of only the parents (assuming they appear in response to a hearing notice).  The juvenile court would, of course, still be free to make or order any additional inquiry it deems appropriate.



BAKER, J.